# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**BRANDON D. JONES**                                                                     **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 1:18CV-P34-GNS**

**KENTUCKY STATE POLICE, POST 15** *et al.*                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Brandon D. Jones filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the action pursuant to 28 U.S.C. § 1915A. Upon review of the complaint, the Court will dismiss the action for the reasons stated herein.

## I. SUMMARY OF ALLEGATIONS

Plaintiff, a convicted inmate currently housed at the Christian County Jail, sues the following Defendants: Kentucky State Police (KSP), Post 15; Det. Jason Cross, identified as an officer for KSP; "Adair City Police"; Josh Brockman, identified as an officer for the "Adair County City Police"; Adair County Sheriff's Department; and John Doe, identified as an officer for the Adair County Sheriff's Department.[1] He sues each of the individually-named Defendants in both their individual and official capacities.

Plaintiff alleges that on April 13, 2016, he and his wife, Tavana Bridgewaters, were at the ATM of Citizens Bank in Columbia, Kentucky when law enforcement officers from KSP, the Columbia City Police, and the Adair County Sherriff's Department surrounded Bridgewaters'

---

[1] Plaintiff wrote "et al." after the names of Defendants Cross and Brockman in the caption, but he did not identify any other individuals in the "Defendants" section of the complaint form, other than John Doe. The Court construes the complaint as naming only those Defendants listed in the caption and the "Defendants" section of the complaint form and does not consider Plaintiff's inclusion of "et al." as naming additional Defendants.

vehicle and "violently pulled [Plaintiff] out of the vehicle." He states that he and Bridgewaters had been living apart since approximately 2008. Plaintiff reports that Bridgewaters told the police that Plaintiff had drugs on him. Plaintiff further states as follows:

> The police after pulling Mr. Jones out of vehicle "patted" down finding nothing. Ms. Bridgewaters at that time said to officers that it was in his "ass." The police then began to try to go into Mr. Jones hindparts and his rectum. At this time Mr. Jones began to resist. Officers "tased" him multiple times. While Mr. Jones was on the ground officers pulled his shorts and underware down and physically put their fingers into his rectum.

He reports that the incident occurred in front of several witnesses, as well as ten or more law enforcement officers.

Plaintiff continues, "The [KSP] and the others named herein have standard operating procedures for searching a suspect of this nature. However, what was perpetrated upon Mr. Jones was nothing short of sodomy. A Criminal Act within the Commonwealth of Kentucky." He maintains that the officers' actions violated his civil, constitutional, and human rights. He states, "It is unconscionable as well as criminal for any law enforcement agent to conduct themselves and perpetrate such a heinous act upon someone within these United States." Plaintiff alleges violations of the Fifth, Eleventh, Fourteenth, and Sixteenth Amendments of the United States Constitution. Plaintiff states that he has been "emotionally and psychologically scarred" by the officers' actions.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

3

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. *Fourth Amendment claims*

The Court construes the allegations as alleging excessive force and illegal search and seizure claims in violation of the Fourth Amendment. Plaintiff's arrest occurred on April 13, 2016. Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law."

*Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). A claim of unlawful search and seizure under the Fourth Amendment accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004.").

In the case at bar, the one-year statute of limitations on Plaintiff's Fourth Amendment claims for excessive force and illegal search and seizure accrued on April 13, 2016, the date of the alleged incident. The limitations period, therefore, expired one year later on April 13, 2017. Because the complaint was not filed until March 5, 2018,[2] almost a year after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's Fourth

---

[2] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). While Plaintiff does not state on what date he handed over the complaint to prison officials for mailing, he signed the complaint on March 5, 2018, and the Court will construe the complaint as being filed on that date.

Amendment claims for excessive force and illegal search and seizure are untimely and must be dismissed as frivolous.

### B. *Fifth, Eleventh, Fourteenth, and Sixteenth Amendments*

Plaintiff also alleges a violation of the Fifth Amendment. However, he fails to explain how the Fifth Amendment applies to his claims. Based on the facts alleged by Plaintiff, the Court does not find that Plaintiff has a stated a cognizable Fifth Amendment claim against Defendants. Specifically, to the extent Plaintiff may be attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government. *See, e.g., Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the actions of federal officials are not at issue.

Plaintiff also states that Defendants' actions violated the Eleventh Amendment. The Eleventh Amendment relates to states' and state officials' immunity from suit in federal court. Plaintiff does not explain how the Eleventh Amendment creates a cause of action for him, and the Court cannot discern one.

Plaintiff also alleges a violation of the Fourteenth Amendment. However, allegations of excessive force and illegal search and seizure in the effectuation of an arrest fall under the Fourth Amendment, rather than the Fourteenth Amendment. The Court finds no basis to support a separate Fourteenth Amendment claim.

Finally, Plaintiff maintains that Defendants violated the Sixteenth Amendment. The Sixteenth Amendment authorizes Congress to collect income taxes. The Court cannot discern how the Sixteenth Amendment applies to Plaintiff's claims.

Accordingly, Plaintiff's claims under the Fifth, Eleventh, Fourteenth, and Sixteenth Amendments will be dismissed for failure to state a claim upon which relief may be granted.

*C. Criminal law*

Plaintiff also alleges that Defendants' actions amount to a criminal act. It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Plaintiff is a private citizen and cannot bring a criminal action or initiate criminal charges against anyone. Therefore, Plaintiff's allegations of violations of criminal law will be dismissed for failure to state a claim.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: August 22, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4416.010